UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.   05- 255(RMC ) |
| v. : | |
| : | Motions Hearing: October 7, 2005 |
| JUVON SEARLES : | |
| Defendant. : | |

### GOVERNMENT'S NOTICE OF INTENT AND MOTION TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby files this notice of its intent and motion to introduce evidence of other crimes at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.  In support of this Notice of Intent and Motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter.

### Factual Background

On  June 8, 2005, while MPD Officer Bowyer was traveling on 9th Street NW,  he saw the defendant walking down the street.  The defendant was holding his neck with his left hand and clutching what appeared to be a dark-colored gun in his waistband.  Officer Bowyer saw the defendant bleeding from his neck.  Officer Bowyer surmised that the defendant was on his way to Howard University Hospital and decided to follow him.  At the hospital, the defendant went into the parking lot and bend down towards a mini-van.  The defendant then went inside Howard University Hospital.  Officer Bowyer went to the mini-van and saw a pool of blood and a gun near one of the van's tire.

The defendant was then admitted to the hospital. On June 9, 2005, while the defendant was in the hospital, a nurse found crack cocaine near the defendant's buttocks area.

### Federal Rule of Evidence 404(b) Evidence

On February 24, 2000 at approximately 1:45 am, an officer observed the defendant standing on the corner of 4th and L Streets, SE. The defendant had his back towards the officer. Another unknown individual then yelled "police." The defendant then dropped a white napkin to the ground. An officer then picked up the napkin. The napkin contained approximately 15 bags of cocaine base. The defendant was then placed under arrest. The defendant subsequently pled guilty to Possession with Intent to Distribute Cocaine in D.C. Superior Court.

### Argument

Federal Rule of Evidence 404(b) permits the admissibility of evidence of other crimes, or wrongs acts if offered for a permissible purpose. United States v. Long, 328 F.3d 655, 660 (D.C. Cir. 2003). Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. Id. Rule 404(b) places only a single restriction on the introduction of evidence of a person's bad acts: such evidence is inadmissible to prove "the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); Id.

In determining the admissibility of Rule 404(b) evidence, courts must undertake a two part analysis. Initially, the Court considers whether the evidence is relevant to something other than the defendant's character or propensity. United States v. Bowie, 232 F.3d 923, 930 ( D.C. Cir. 2000). If the Court deems the evidence to be relevant, the Court then must determine whether the prejudicial impact of the testimony substantially outweighs its probative value.

2

United States v. Mathias, 216 F.3d 18, 26 (D.C. Cir. 2000).  A trial court's determination that evidence is admissible under Rule 404(b) is reviewable for abuse of discretion.  See United States v. Bowie, at 926-927.

Numerous cases establish that evidence of a prior or subsequent possessions or distributions of narcotics are admissible as 404(b) evidence.  United States v. Bailey, 319 F.3d 514, 520 (D.C. Cir. 2003) (404(b) evidence was relevant to show that the defendant had opportunities to acquire cocaine);  United States v. Crowder , 141 F.3d 1202, 1209 (D.C. Cir. 1998)(" A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them and so fourth.  Evidence of defendant's experience in dealing drugs–evidence that is of his "bad act"– thus may be a "brick" in the "wall" of evidence needed to prove possession.); and   United States v. Williams, 895 F.2d 1202, 1205-1206 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge) [1]

---

[1]    See also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge);  United States v. Michael Johnson, et al., 40 F.3d 436 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess);  United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994) (evidence of subsequent possession of gun and beeper admissible to prove prior intent to distribute), cert. denied, 115 S. Ct. 257 (1994);  United States v. Springs, 936 F.2d 1330, 1332-1333 (D.C. Cir. 1991) (in case charging possession with intent to distribute cocaine, court held that possession of a beeper and tickets showing repeated travel to New York admissible to prove defendant's knowledge or intent, even if the possession might be considered probative of defendant's character or evidence of an extrinsic act);  United States v. Watson, 894 F.2d 1345, 1348-1349 (D.C. Cir. 1990) (admitting subsequent drug negotiation as probative of defendant's intent and knowledge);  United States v. Manner, 887 F.2d 317, 321 (D.C. Cir. 1989) (admitting evidence of cocaine sale that occurred ten weeks after the offense for which defendant was

In this case, the Government submits that 404 (b) evidence relating to the defendants' prior drug trafficking in 2000 is extremely probative of his ability to obtain cocaine, his intent to distribute cocaine in this case, his knowledge of the cocaine's presence in this case and his knowledge of the drug trafficking trade. Moreover, the danger of unfair prejudice is minimal. Notably, the danger that this Court must weigh is not the danger that the other crimes evidence will weaken the defendant's defense, but rather the danger that the jury will misuse the evidence by inferring that, merely because the defendant engaged in these prior bad acts, he is more likely to have engaged in the charged offenses. United States v. Cassell, 292 F.3d 788, 796 (D.C. Cir. 2002)

The law in our Circuit is clear that in balancing the probativeness and prejudice of other crimes, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." United States v. Cassell, at 795 (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).

Any potential prejudice flowing from admitting this evidence can be cured by the Court giving an appropriate jury instruction. United States v. Cassell, at 796.

We respectfully submit that pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure, the Court should permit the government in its case-in-chief to elicit evidence of the defendant's prior drug trafficking.

---

charged), cert. denied, 493 U.S. 1062 (1990); United States v. Jones, 476 F.2d 533, 536-537 (D.C. Cir. 1973) (affirming admission of prior narcotics sale due to similarity of drug sold, location of transaction, and to allow Government to rebut defendant's denial of involvement with narcotics traffic).

Respectfully submitted,

KENNETH WAINSTEIN
UNITED STATES ATTORNEY

_____
Wendy Short
D.C. Bar. No.461-801
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 Fourth Street, N.W., Room 4245
Washington, D.C. 20530
(202)514-1885