**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.    05- 255(RMC )** |
| | : | |
| **v.** | : | |
| | : | **Motions Hearing: October 7, 2005** |
| | : | |
| **JUVON SEARLES** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR**
**CONVICTIONS PURSUANT TO RULE 609**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully moves this Court to permit the introduction of defendant's prior

conviction for impeachment purposes should the defendant elect to testify at trial in the above-

captioned case.  In support of this motion, the government relies on the following points and

authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.    The defendant has been charged in a one count indictment with Unlawful

Possession with Intent to Distribute Cocaine, Possession of a Firearm by a Convicted Felon and

Possession of a Firearm during a Drug Trafficking Crime.  The defendant's prior convictions are

as  follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| Escape | SF-03758-02 | D.C. Superior Court | 3 months of imprison ment | 9/19/02 |
| CPWOL | F810-02 | D.C. Superior Court | 3 years of imprison ment | 9/19/2002 |

1

| Contempt | F05130-01 | D.C. Superior Court | 180 days of imprisonment | 09/19/02 |
| PWID Cocaine | F01201-00 | D.C. Superior Court | 2 years of imprisonment, SES | 09/26/200 |

2.      Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant.  Here, the defendant's convictions clearly qualify and meet the requirements of Rule 609(b).

3.      In evaluating whether the probative value of this conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility.  United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc).  In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis.  Id. at 1051, 1073.

4.      As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary."  United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation

omitted).  Even considering that every impeachment by prior conviction involves some inherent

prejudice to a defendant, that prejudice by itself should not be enough to preclude the

government's impeachment of the defendant in this case.  Cf. Lipscomb, 702 F.2d at 1062

("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if,

but how much") (emphasis in original).  Should the defendant testify in this case, the issue of his

credibility will be a central issue for the jury.  The probative value of the conviction in assessing

that credibility, involving as it does a serious and recent offense,  clearly outweighs whatever

prejudice there may be to the defendant  -- particularly given the limiting instruction that can be

given to the jury in order to preclude  its use of such evidence for an improper purpose.

      WHEREFORE, for the reasons stated above, the United States respectfully requests that

this Honorable Court grant the government's motion to impeach the defendant's credibility with

his prior conviction should he testify at trial.

      Respectfully submitted,

      KENNETH L. WAINSTEIN.
      United States Attorney

      _____

      Wendy L. Short
      Assistant United States Attorney
      Narcotics Section
      DC Bar No. 461-801
      555 4th Street, N.W., Fourth Floor
      Washington, D.C. 20001
      Phone:(202) 514-1885