UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-255(RMC) |
| v. : | **FILED** |
| : | |
| JUVON SEARLES : | OCT - 7 2005 |
| : | |
| Defendant. : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant hereby submit this Factual Proffer in Support of a Guilty Plea.

1.  The defendant is charged in Count Two of the indictment with Using, Carrying, or Possessing a Firearm during and in relation to a drug trafficking offense, or in furtherance of such crime in violation of 18 U.S.C. § 924(c). The essential elements of the offense of Using, Carrying, or Possessing a firearm during and in relation to a drug trafficking offense, or in furtherance of such crime, are:

    A. That the defendant knowingly, used, carried or possessed a firearm; and

    B. Either that the defendant carried or used the firearm during and in relation to, or that he possessed the firearm in furtherance of, the drug trafficking offense charged in Count One of the indictment.

2. On June 8, 2005, while MPD Officer Bowyer was traveling on 9th Street NW, he saw the defendant walking down the street. The defendant was holding his neck with his left hand and clutching what appeared to be a dark-colored gun in his waistband. Officer Bowyer saw the defendant bleeding from his neck. Officer Bowyer surmised that the defendant was on his way to Howard University

Hospital and decided to follow him. At the hospital, the defendant went into the parking lot and bend down toward a minivan. The defendant then went inside Howard University Hospital. Officers then went to the minivan and saw a Ruger semi-automatic firearm near the van's wheel. This firearm contained blood. A sample of this blood was retrieved and maintained by the Metropolitan Police Department.

After being admitted to the hospital, a hospital employee found eighteen ziplocks containing a white rock substance. The white rock substance was analyzed by the DEA Mid-Alantic Laboratory and that analysis revealed that the substance was 1.9 grams of cocaine base.

4.   This factual proffer is a summary of the defendant's actions, and is not intended to be a complete accounting of all facts and events related to that offense or other offenses. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the offense of Using, Carrying, or Possessing a firearm during and in relation to a drug trafficking offense, or in furtherance of such crime.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

WENDY L. SHORT
Assistant United States Attorney
DC Bar Number 461801
Narcotics Section
555 4th Street, N.W. – Room 4245
Washington, D.C. 20001
(202)514-1885

## DEFENDANT SEARLES' ACKNOWLEDGEMENT

I have read this factual proffer and have discussed it with my attorney, Elmer Ellis, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 10-7-05

_____
Juvon Searles

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: October 7, 2005

_____
Elmer Ellis, Esq.