

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

March 17, 2006

**FILED**

MAR 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Elmer Douglas Ellis, Esquire
909 U Street, NW
Washington, DC 20001

                Re:     United States v. Juvon Searles
                           Criminal Number 05-255

Dear Mr. Ellis:

      This letter confirms the agreement between your client, Juvon Searles, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

Juvon Searles Obligations, Acknowledgments and Waivers:

      1. Your client, Juvon Searles, agrees to admit guilt and enter a plea of guilty to **Count Two** of the Indictment, which charges your client with **Using, Carrying, or Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code sections 924(c). Your client understands that pursuant to 18 U.S.C. section 924(c), the charge carries a penalty of a term of imprisonment of not less than five years, nor more than life, to run consecutive with any other sentence, a fine of not more than $250,000, and a term of supervised release of not more than three years. In addition, your client agrees to pay a **special assessment of $100** per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. The government agrees to dismiss the remaining counts of the indictment at sentencing.

      2. Your client and the Government agree that **a sentence of 60 months** is the appropriate

Rev. 1/18/05 daj

sentence of imprisonment for the offense(s) to which your client is pleading guilty. <u>This agreement does not limit the fine or period of supervised release that the Court may impose in this case; the maximum fine and period of supervised release, which are subject to the statutory limitations, are detailed in paragraph (1) of this plea agreement</u>. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

3. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of any contraband, money, and other property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking. This includes the Ruger firearm and all drug evidence seized from your client. Your client agrees to promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

4. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

6. Your client understands, <u>that consistent with paragraph (2) of this plea agreement</u>, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of supervised release and fine up to the maximum allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing

issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

General Conditions

8. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

9. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

10. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

STEVEN B. WASSERMAN
Assistant United States Attorney

Rev. 1/18/05 daj                                3

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Elmer Douglas Ellis, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 3-17-06

Juvon Searles
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 3-17-06

Elmer Douglas Ellis, Esquire
Attorney for the Defendant

Rev. 1/18/05 daj

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 05-255(RMC) |
| v. : | **FILED** |
| JUVON SEARLES : | OCT -7 2005 |
| Defendant. : | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant hereby submit this Factual Proffer in Support of a Guilty Plea.

1.  The defendant is charged in Count Two of the indictment with Using, Carrying, or Possessing a Firearm during and in relation to a drug trafficking offense, or in furtherance of such crime in violation of 18 U.S.C. § 924(c).  The essential elements of the offense of Using, Carrying, or Possessing a firearm during and in relation to a drug trafficking offense, or in furtherance of such crime, are:

   A. That the defendant knowingly, used, carried or possessed a firearm; and

   B. Either that the defendant carried or used the firearm during and in relation to, or that he possessed the firearm in furtherance of, the drug trafficking offense charged in Count One of the indictment.

2. On June 8, 2005, while MPD Officer Bowyer was traveling on 9th Street NW, he saw the defendant walking down the street. The defendant was holding his neck with his left hand and clutching what appeared to be a dark-colored gun in his waistband. Officer Bowyer saw the defendant bleeding from his neck. Officer Bowyer surmised that the defendant was on his way to Howard University

Hospital and decided to follow him. At the hospital, the defendant went into the parking lot and bend down toward a minivan. The defendant then went inside Howard University Hospital. Officers then went to the minivan and saw a Ruger semi-automatic firearm near the van's wheel. This firearm contained blood. A sample of this blood was retrieved and maintained by the Metropolitan Police Department.

After being admitted to the hospital, a hospital employee found eighteen ziplocks containing a white rock substance. The white rock substance was analyzed by the DEA Mid-Alantic Laboratory and that analysis revealed that the substance was 1.9 grams of cocaine base.

4.    This factual proffer is a summary of the defendant's actions, and is not intended to be a complete accounting of all facts and events related to that offense or other offenses. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the offense of Using, Carrying, or Possessing a firearm during and in relation to a drug trafficking offense, or in furtherance of such crime.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

WENDY L. SHORT
Assistant United States Attorney
DC Bar Number 461801
Narcotics Section
555 4th Street, N.W. – Room 4245
Washington, D.C. 20001
(202)514-1885

2

## DEFENDANT SEARLES' ACKNOWLEDGEMENT

I have read this factual proffer and have discussed it with my attorney, Elmer Ellis, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 10-7-05

Juvon Searles

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: October 7, 2005

Elmer Ellis, Esq.

3